UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DELL, INC., | * | CIVIL ACTION |
|     Plaintiff | * | |
| | * | NO. 07-2668 |
| VERSUS | * | |
| | * | SECTION:  T |
| SIGMUND J. SOLARES; | * | |
| INTERCOSMOS MEDIA GROUP, INC. | * | JUDGE:  HON. G. THOMAS |
| d/b/a DIRECTNIC.COM; | * | PORTEOUS, JR. |
| DOMAIN CONTENDER, LLC; | * | |
| ALTERNATIVE IDENTITY, INC. | * | MAGISTRATE JUDGE: |
| f/k/a NOLDC, INC. AND ZIPA, LLC, | * | HON. SALLY SHUSHAN |
|     Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND COUNTERCLAIMS

NOW INTO COURT, through undersigned counsel, come Defendants, Sigmund J.

Solares, Intercosmos Media Group, Inc. d/b/a directNIC.com, Domain Contender, LLC,

Alternative Identity, Inc. f/k/a NOLDC, Inc., and Zipa, LLC (collectively "Defendants), who

respectfully answer the Complaint filed in the above-captioned matter as follows:

## ANSWER

1.

The allegations contained in Paragraph 1 of the Complaint are denied.

2.

The allegations contained in Paragraph 2 of the Complaint are denied, particularly the allegation that "this is an action between citizens of different states in which a citizen of a foreign country is an additional party," except to admit that if the Complaint stated a claim upon which relief can be granted as to the federal causes of action asserted in the Complaint, then this Court would have jurisdiction over such claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338(a), 18 U.S.C. § 1965, 28 U.S.C. § 1332(a) and 28 U.S.C. § 1367.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint are admitted.

5.

The allegations contained in Paragraph 5 of the Complaint are admitted.

6.

The allegations contained in Paragraph 6 of the Complaint are admitted.

7.

The allegations contained in Paragraph 7 of the Complaint are admitted.

8.

The allegations contained in Paragraph 8 of the Complaint are denied.

NO.99812894.1

9.

The allegations contained in Paragraph 9 of the Complaint are denied except to admit that Mr. Solares is an officer, director or principal of each of the other Defendants named in the Complaint.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

NO.99812894.1

16.

The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 of the Complaint are denied.

19.

The allegations contained in Paragraph 19 of the Complaint are denied.

20.

The allegations contained in Paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

NO.99812894.1

24.

The allegations contained in Paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in Paragraph 25 of the Complaint are denied for lack of sufficient information to justify a belief therein.

26.

The allegations contained in Paragraph 26 of the Complaint are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in Paragraph 27 of the Complaint are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph 28 of the Complaint are denied for lack of sufficient information to justify a belief therein.

29.

The allegations contained in Paragraph 29 of the Complaint are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in Paragraph 30 of the Complaint are denied.

31.

The allegations contained in Paragraph 31 of the Complaint are denied.

32.

The allegations contained in Paragraph 32 of the Complaint are denied.

NO.99812894.1

33.

The allegations contained in Paragraph 33 of the Complaint are denied.

34.

The allegations contained in Paragraph 34 of the Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that DirectNIC.com and Domain Contender are domain name registrars accredited by ICANN.

35.

The allegations contained in Paragraph 35 of the Complaint are denied.

36.

The allegations contained in Paragraph 36 of the Complaint are denied.

37.

The allegations contained in Paragraph 37 of the Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that certain of the Kenyatech Domains were, at the request of the registrants of those Kenyatech Domains, enrolled by one or more Defendants in parking programs with various search engines or search companies.

38.

The allegations contained in Paragraph 38 of the Complaint are admitted.

39.

The allegations contained in Paragraph 39 of the Complaint are denied for lack of sufficient information to justify a belief therein.

40.

The allegations contained in Paragraph 40 of the Complaint are denied for lack of sufficient information to justify a belief therein.

- 6 -

41.

The allegations contained in Paragraph 41 of the Complaint are denied.

42.

The allegations contained in Paragraph 42 of the Complaint are denied.

43.

The allegations contained in Paragraph 43 of the Complaint are denied.

44.

The allegations contained in Paragraph 44 of the Complaint are denied.

45.

The allegations contained in Paragraph 45 of the Complaint are denied.

46.

The allegations contained in Paragraph 46 of the Complaint are denied.

47.

The allegations contained in Paragraph 47 of the Complaint are denied.

48.

The responses contained in paragraphs 1 through 47 are incorporated by reference.

49.

The allegations contained in Paragraph 49 of the Complaint are denied.

50.

The allegations contained in Paragraph 50 of the Complaint are denied.

51.

The allegations contained in Paragraph 51 of the Complaint are denied.

52.

The responses contained in paragraphs 1 through 51 are incorporated by reference.

NO.99812894.1

53.

The allegations contained in Paragraph 53 of the Complaint are denied.

54.

The allegations contained in Paragraph 54 of the Complaint are denied.

55.

The responses contained in paragraphs 1 through 54 are incorporated by reference.

56.

The allegations contained in Paragraph 56 of the Complaint are denied.

57.

The allegations contained in Paragraph 57 of the Complaint are denied.

58.

The responses contained in paragraphs 1 through 57 are incorporated by reference.

59.

The allegations contained in Paragraph 59 of the Complaint are denied.

60.

The allegations contained in Paragraph 60 of the Complaint are denied.

61.

The responses contained in paragraphs 1 through 60 are incorporated by reference.

62.

The allegations contained in Paragraph 62 of the Complaint are denied.

63.

The allegations contained in Paragraph 63 of the Complaint are denied.

64.

The allegations contained in Paragraph 64 of the Complaint are denied.

65.

The allegations contained in Paragraph 65 of the Complaint are denied.

66.

The allegations contained in Paragraph 66 of the Complaint are denied.

67.

The responses contained in paragraphs 1 through 66 are incorporated by reference.

68.

The allegations contained in Paragraph 68 of the Complaint are denied.

69.

The allegations contained in Paragraph 69 of the Complaint are denied.

70.

The responses contained in paragraphs 1 through 69 are incorporated by reference.

71.

The allegations contained in Paragraph 71 of the Complaint are denied.

72.

The allegations contained in Paragraph 72 of the Complaint are denied.

73.

The allegations contained in Paragraph 73 of the Complaint are denied.

74.

The allegations contained in Paragraph 74 of the Complaint are denied.

75.

The allegations contained in Paragraph 75 of the Complaint are denied.

NO.99812894.1

## AFFIRMATIVE DEFENSES

**AND NOW**, Defendants raise the following affirmative defenses to the Complaint:

### Indemnification

Plaintiff is a customer of one or more of the Defendants, having registered one or more Internet Second-Level Domain ("SLD") names with one or more of the Defendants. Pursuant to Defendants' registration agreements, Plaintiff is contractually obligated to defend, indemnify and hold harmless Defendants for any act related to any registered SLD name.

### Unclean Hands

Some or all of Plaintiff's claims and/or remedies are barred in whole or in part by the doctrine of "unclean hands."

### Estoppel

Some or all of Plaintiff's claims and/or remedies are barred in whole or in part by estoppel.

### Waiver

Some or all of Plaintiff's claims and/or remedies are barred in whole or in part by waiver.

### Prescription / Statue of Limitations / Laches

Some or all of Plaintiff's claims and/or remedies are barred in whole or in part by the doctrines of prescription, the statute of limitations and/or laches.

### ACPA Immunity

Defendants are immune from liability in whole or in part pursuant to the Anticybersquatting Consumer Protection Act, including 15 U.S.C. § 1114(D)(iii).

### CDA Immunity

Defendants are immune from liability in whole or in part pursuant to the Communications Decency Act, including 47 U.S.C. § 230.

### Actions Permitted by Contract

Defendants are contractually permitted by ICANN to operate an SLD name private or "proxy" registration protection service.

### Preemption

Some or all of Plaintiff's claims arising under the laws of the State of Louisiana are preempted in whole or in part by federal law.

### Comparative and/or Contributory Negligence

Some or all of Plaintiff's claims and/or remedies are barred in whole or in part by comparative and/or contributory negligence.

### Failure to Mitigate Damages

Plaintiff has not taken sufficient steps to mitigate its damages, if any.

NO.99812894.1

**Failure to State a Claim**

The Complaint fails to state a claim upon which relief can be granted.

**Third-Party Liability**

Third parties are liable to Defendants for all or part of Plaintiff's claims against Defendants.

## COUNTERCLAIMS

**AND NOW**, Defendants Intercosmos Media Group, Inc. d/b/a directNIC.com, Domain Contender, LLC, Alternative Identity, Inc. f/k/a NOLDC, Inc., and Zipa, LLC ("Counterclaimants") assert the following Counterclaims against Plaintiff, Dell, Inc. ("Dell"):

**Background**

1.

Defendant and Counterclaimant, Intercosmos Media Group, Inc. d/b/a directNIC.com ("Intercosmos"), was formed in 1999. Initially, Intercosmos primarily served as a hosting company for customers with previously-registered Internet Second-Level Domain ("SLD") names. Intercosmos' customers contractually agreed to host websites for their registered SLD names with Intercosmos free of charge, and in return, these customers allowed Intercosmos to place advertising banners on their websites. When these banners were "clicked on" by visitors to these websites, advertising revenue was generated for Intercosmos.

- 12 -

2.

In 2000, Intercosmos registered its trade name, directNIC.com, and, in addition to its website hosting service, began offering SLD name registration services at its website, http://directnic.com. Intercosmos initially operated as a reseller for another ICANN-accredited domain name registrar; in 2001 Intercosmos became an ICANN-accredited registrar in its own name. DirectNIC.com has since established itself as a famous and distinctive world-wide brand recognized as being one of the leading domain name registrars. Along with offering hosting and SLD name registration services, Intercosmos also offers email, website templates, Domain Name Server ("DNS") services (a DNS translates human-friendly SLD names into computer-friendly IP addresses), and a variety of other services to its customers. Among the services that Intercosmos offers to its customers is SLD name "parking." Parking services allow customers to register SLD names, thereby preventing their registration by others, and to "park" the SLD names on a server until they are ready to be made active by the customer.

3.

Intercosmos began using the "directNIC" name in interstate and foreign commerce in 2000 when it first entered the domain name registration business. Intercosmos has registered millions of SLD names and has a customer base totaling over 500,000.

4.

Since 2000, Intercosmos has possessed federal and state common law rights in its "directNIC" service mark, and in 2006, Intercosmos obtained a registered service mark with the United States Patent and Trademark Office ("USPTO") for "directNIC." The USPTO registration number for this service mark is 3173223.

5.

Defendant and Counterclaimant, Domain Contender, LLC ("Domain Contender"), was formed in 2003 and serves as an ICANN-accredited registrar of SLD names.  Along with providing domain name registration services at its website, http://domaincontender.com, Domain Contender also offers email, website templates, DNS services, SLD name parking, and a variety of other services to its customers.

6.

Domain Contender began using its service mark in interstate and foreign commerce in 2003 and has possessed federal and state common law trademark rights since that time.

7.

Domain Contender has registered over one million SLD names and has a customer base totaling several thousands.

8.

The Domain Contender brand name is famous and distinctive.

9.

Defendant and Counterclaimant, NOLDC, Inc. ("NOLDC") provides private or "proxy" SLD name registration protection services to its customers.  That is, for a registration fee, NOLDC agrees to place its contact information in the registration records of its customers in lieu of the customers' direct contact information.  NOLDC is contractually obligated to forward any communication received on behalf of a customer to the customer, who is the actual registrant and owner of the SLD name.

10.

NOLDC began using its service mark in interstate and foreign commerce in 2002 and has possessed federal and state common law trademark rights since that time.

11.

The NOLDC brand name is famous and distinctive.

12.

Defendant and Counterclaimant, Zipa, LLC ("Zipa"), is an ICANN-accredited domain name registrar, which also provides e-mail, website templates, DNS services, SLD name parking, and a variety of other services to its customers.

13.

Zipa began using its service mark in interstate and foreign commerce in 2003 and has possessed federal and state common law trademark rights since that time. Zipa has a customer base totaling several thousands.

14.

The Zipa brand name is famous and distinctive.

**Jurisdiction and venue**

15.

Jurisdiction is proper pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the Constitution or laws of the United States; pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state-law claims.

16.

Venue is appropriate for these Counterclaims because venue was proper in this Court for the Complaint.

**Dell's Predatory Practices**

17.

Upon information and belief, Dell entered into a lucrative advertising agreement with a third party to sell advertising on millions of Dell computers by pre-installing a "Browser Error Address Redirector" (hereinafter, "Domain Activator") and a third-party branded search toolbar ("Search Toolbar") as part of a web browser on Dell computers.  Upon information and belief, Dell computers purchased within the last year contain both the Domain Activator and the Search Toolbar.

18.

When a user of any such Dell computer attempts to access Counterclaimants' websites but accidentally mistypes or misspells Counterclaimants' registered SLD name in the Universal Resource Locator ("URL") box of the web browser, the Domain Activator misdirects the user to a Dell-branded website full of sponsored advertising links.  Upon information and belief, Dell intentionally provides advertising links to Counterclaimants' competitors without providing a link to Counterclaimants' websites.  When a user is misdirected in such a fashion and "clicks" on one of the sponsored advertising links, Dell receives a commission.

19.

Dell's Domain Activator in effect "registers" countless SLD names that were not previously registered prior to the addition of the Domain Activator on Dell computers.

20.

When a user of an affected Dell computer accurately types in one of Counterclaimants' SLD names in the URL box, and the Domain Activator determines that Counterclaimants' website does not respond fast enough, the user is misdirected to the Dell-branded advertisement

website, and Dell receives a commission when the user "clicks" on one of the sponsored advertising links.

21.

Through use of the Domain Activator, Dell "activates" SLD names that have not been legitimately registered.  Additionally, Dell places keyword-based advertising on those "activated" web pages.  Upon information and belief, these "activated" SLD names have all of the same technical functionality of legitimately registered SLD names.

22.

Dell's implementation and use of its Domain Activator allows Dell to avoid paying registration fees to a domain name registrar, like a traditional "arms-length customer" would, despite Dell's use of countless infringing SLD names.

23.

The Search Toolbar on Dell computers also permits Dell to improperly convert advertising revenue that would otherwise be due to Counterclaimants.  Oftentimes when a user on an affected Dell computer performs a search for Counterclaimants in the Search Toolbar, regardless of whether the user accurately types in Counterclaimants' business name, Dell misdirects the user to a Dell-branded website full of sponsored advertising links.  Upon information and belief, Dell intentionally provides advertising links to Counterclaimants' competitors without providing a link to Counterclaimants' websites.  When a user is misdirected in such a fashion and "clicks" on one of the sponsored advertising links, Dell receives a commission.

24.

Customers of Counterclaimants have entered into business arrangements with Counterclaimants for the monetization of registered SLD names.  Through Dell's use and

implementation of its Domain Activator, Dell converts Web traffic otherwise belonging to Counterclaimants' customers when a user mistypes or misspells a Counterclaimants' customer's registered SLD name.  Dell profits from this converted traffic at the expense of both Counterclaimants and their customers, thereby intentionally interfering with the contractual and business relationships between Counterclaimants and their customers.

25.

Dell also intentionally interferes with the business and contractual relationships between Counterclaimants and their customers whenever a Counterclaimants' customer's webpage does not load fast enough and/or if the customer's webpage does in fact load, but the advertisements on the customer's webpage fail to load.  Dell misdirects this Web traffic to its own advertisement webpage, which results in a financial benefit gained by Dell at the expense of Counterclaimants and their customers.

**First Count -- Cybersquatting (15 U.S.C. § 1125(d))**

26.

Counterclaimants reallege the foregoing paragraphs and incorporate them as if fully set forth herein.

27.

Through Dell's use of its Domain Activator and Search Toolbar, Dell uses countless variations of Counterclaimants' protected, distinctive and famous service marks, and those of Counterclaimants' customers, as SLD names.

28.

For each SLD name activated by Dell through use of its Domain Activator or Search Toolbar, Dell essentially becomes a "de facto registrant" of the activated SLD name.

29.

Dell has no legitimate right to register or use an SLD name that is identical or confusingly similar to or dilutive of the service marks owned by Counterclaimants or their customers.

30.

Dell has profited, in bad faith, from Counterclaimants' service marks and those of their customers, as a result of Dell's Domain Activator and Search Toolbar.

31.

Dell has used, registered or trafficked in domain names belonging to Counterclaimants and Counterclaimants' customers, and in domain names that are identical or confusingly similar to, and/or dilutive of, domain names belonging to Counterclaimants and Counterclaimants' customers, with a bad faith intent to profit, in willful violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).


**Second Count -- Federal Trademark Infringement (15 U.S.C. § 1114)**

32.

Counterclaimants reallege the foregoing paragraphs and incorporate them as if fully set forth herein.

33.

Dell's aforesaid acts constitute the knowing, intentional and unconsented-to use in commerce of reproductions, copies or colorable imitations of Counterclaimants' registered marks, and/or those of Counterclaimants' customers, in a manner likely to cause confusion, mistake or deception with those marks.

NO.99812894.1

34.

Dell's aforesaid acts constitute trademark infringement in willful violation of 15 U.S.C. § 1114.

### Third Count --Federal Trademark Dilution (15 U.S.C. § 1125(c))

35.

Counterclaimants reallege the foregoing paragraphs and incorporate them as if fully set forth herein.

36.

Dell's aforesaid acts constitute commercial use in commerce of Counterclaimants' famous and distinctive marks, and/or those of Counterclaimants' customers, in a manner likely to cause dilution of the marks.

37.

Dell's aforesaid acts constitute trademark dilution in willful violation of 15 U.S.C. § 1125(c).

### Fourth Count -- Federal Unfair Competition (15 U.S.C. § 1125(a))

38.

Counterclaimants reallege the foregoing paragraphs and incorporate them as if fully set forth herein.

39.

Dell's aforesaid acts constitute use in commerce in connection with services, of words, terms, symbols, false designation of origin, or false or misleading descriptions or representations of fact, in a manner likely to cause confusion or mistake, or to deceive as to Dell's affiliation,

connection, or association with Counterclaimants and/or Counterclaimants' customers, or as to the origin, sponsorship or approval of Dell's services by Counterclaimants and/or Counterclaimants' customers, and Counterclaimants believe that they are likely to be, and have been, damaged by said acts.

<div align="center">40.</div>

Dell's aforesaid acts constitute unfair competition in violation of 15 U.S.C. §1125(a)(1)(A).

<div align="center">

**Fifth Count -- State Trademark Dilution (La. R.S. 51:223.1)**

</div>

<div align="center">41.</div>

Counterclaimants reallege the foregoing paragraphs and incorporate them as if fully set forth herein.

<div align="center">42.</div>

Dell's aforesaid acts constitute use of Counterclaimants' famous and distinctive marks in a manner likely to cause injury to the business reputation of Counterclaimants or dilution of the distinctive quality of the marks.

<div align="center">43.</div>

Dell's aforesaid acts constitute trademark dilution in violation of La. R.S. 51:23.1.

<div align="center">

**Sixth Count -- Unjust Enrichment (La. C.C. art. 2298)**

</div>

<div align="center">44.</div>

Counterclaimants reallege the foregoing paragraphs and incorporate them as if fully set forth herein.

<div align="center">- 21 -</div>

45.

Dell has without justification or cause obtained a benefit or enrichment, and Counterclaimants have been impoverished, by virtue of Dell's aforesaid acts.

46.

To the extent that Counterclaimants have no other remedy available at law, Dell's aforesaid acts constitute unjust enrichment in violation of Louisiana Civil Code Article 2298.

**Seventh Count -- Intentional Interference with Contract/Contractual Relations**

47.

Counterclaimants reallege the foregoing paragraphs and incorporate them as if fully set forth herein.

48.

Dell's acts of siphoning off Web traffic otherwise belonging to customers of Counterclaimants who have entered into contractual relationships with Counterclaimants have caused damages to Counterclaimants.

49.

As a result of Dell's aforesaid conduct, Dell has knowingly, intentionally and without justification interfered with the contractual relationships Counterclaimants have with their customers.

**Eighth Count -- Tortious Interference with Business / Invasion of Business Interests**

50.

Counterclaimants reallege the foregoing paragraphs and incorporate them as if fully set forth herein.

NO.99812894.1

51.

Dell's acts of siphoning off Web traffic otherwise belonging to customers of Counterclaimants who have entered into business relationships with Counterclaimants have caused damages to Counterclaimants.

52.

As a result of Dell's aforesaid conduct, Dell has wantonly, maliciously, and improperly interfered with the business interests of Counterclaimants and their customers or potential customers.

**Ninth Count -- Intentional Interference with Movables (Conversion)**

53.

Counterclaimants reallege the foregoing paragraphs and incorporate them as if fully set forth herein.

54.

Dell utilized its Domain Activator and Search Toolbar to convert advertising revenue to itself that properly belongs to Counterclaimants.

55.

As a result of Dell's aforesaid acts in derogation of Counterclaimants' possessory rights, Dell has caused a transfer in possession of Counterclaimants' property and effectively denied Counterclaimants' use and enjoyment of said property, constituting the wrongful exercise or assumption of authority by Dell over Counterclaimants' goods, depriving Counterclaimants of their possession, permanently or for an indefinite time.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants and Counterclaimants pray that Defendant-in-Counterclaim, Dell, Inc.:

1.      And its respective officers, agents, servants, employees, attorneys, and all others in active concert or participation with any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from:

      a.      using or conspiring to use, directly or indirectly, any of Counterclaimants' service marks, colorable imitations or simulations of any of them, or any other confusingly similar marks by means of its "Browser Error Address Redirector" and third-party branded search toolbar programs or otherwise; and

      b.      doing or conspiring to do any act or thing likely to dilute the distinctiveness of any of Counterclaimants' marks, or that is likely to tarnish the goodwill associated with any of them;

2.      pay to Counterclaimants their actual damages sustained as a result of Dell's wrongful conduct in accordance with 15 U.S.C. § 1117 and La. Rev. Stat. § 51:1409;

3.      account for and pay over to Counterclaimants all profits derived by Dell from their complained of acts, in accordance with 15 U.S.C. § 1117 and La. Rev. Stat. § 51:1409;

4.      pay to Counterclaimants the greater of three times the damages Counterclaimants have suffered as a result of the complained-of acts of Dell or three times Dell's profits, in accordance with 15 U.S.C. § 1117;

5.      pay to Counterclaimants, as an alternative measure of relief to actual damages and disgorgement of Dell's profits, maximum statutory damages under 15 U.S.C. § 1125(d) of $100,000 per domain name;

6.     pay to Counterclaimants, as a further alternative measure of relief, the amount of
wrongfully obtained benefits pursuant to La. Civ. Code Art. 2298;

7.     pay to Counterclaimants the costs of this action together with Defendants' reasonable
attorneys' fees and disbursements, in accordance with U.S.C. § 1117 and La. Rev. Stat.
§51:1409; and

8.     file with this Court and serve on Counterclaimants a report in writing under oath setting
forth in detail the manner and form in which Dell has complied with the terms of any injunction
entered by this Court, in accordance with 15 U.S.C. § 1116; and that

9.     Defendants be awarded such further relief as this Court deems just and equitable.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:         s/ Dan Zimmerman
            Mary Ellen Roy (La. Bar # 14388)
            Dan Zimmerman (La Bar # 2202)
            365 Canal Street • Suite 2000
            New Orleans, LA  70130-6534
            Telephone: (504) 566-1311
            Telecopier: (504) 568-9130

**ATTORNEYS FOR DEFENDANTS, SIGMUND
J. SOLARES, INTERCOSMOS MEDIA
GROUP, INC. d/b/a DIRECTNIC.COM,
DOMAIN CONTENDER, LLC,
ALTERNATIVE IDENTITY, INC., f/k/a
NOLDC, INC. AND ZIPA, LLC; AND FOR
COUNTERCLAIMANTS INTERCOSMOS
MEDIA GROUP, INC. d/b/a
DIRECTNIC.COM, DOMAIN CONTENDER,
LLC, ALTERNATIVE IDENTITY, INC., f/k/a
NOLDC, INC. AND ZIPA, LLC**

NO.99812894.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Joseph Looney, Melissa LaBauve, Maurice Ruffin, Daniel D. Frohling and Nathan J. Hole.  I further certify that there are no CM/ECF non-participants in this case.

<div style="margin-left: 40%;">

s/ Dan Zimmerman
Dan Zimmerman
Louisiana Bar #2202

**Phelps Dunbar, L.L.P.**
365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: (504) 566-1311
Facsimile: (504) 568-9130
dan.zimmerman@phelps.com

Attorney for Defendants,
Sigmund J. Solares, Intercosmos Media Group,
Inc. d/b/a DirectNIC.com, Domain Contender,
L.L.C., Alternative Identity, Inc. f/k/a/
NOLDC, Inc., and ZIPA, LLC, and
Counterclaimants, Intercosmos Media Group,
Inc. d/b/a DirectNIC.com, Domain Contender,
L.L.C., Alternative Identity, Inc. f/k/a/
NOLDC, Inc., and ZIPA, LLC

</div>